**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5113**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

SCOTT Q.G. LEADBETTER, a/k/a Scott Quadir Gordon Leadbetter,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:08-cr-00268-JRS-1)

Submitted: January 19, 2010      Decided: February 11, 2010

Before MOTZ and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Horace F. Hunter, HUNTER & LIPTON, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Q. G. Leadbetter appeals from his convictions for violation of the Hobbs Act and using a firearm during a crime of violence and his resulting 155-month sentence. On appeal, he asserts that there was insufficient evidence to support his convictions and that the district court erred in failing to give him an offense level reduction for acceptance of responsibility. We affirm.

Leadbetter first contends the evidence was insufficient to support his Hobbs Act robbery and related firearm convictions because there was no evidence that the robbery affected "commerce." See 18 U.S.C. § 1951(b)(3) (2006). A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). We review sufficiency of the evidence challenges by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

The Hobbs Act, 18 U.S.C. § 1951(a) (2006), makes it a crime to commit robbery or extortion to obstruct, delay, or affect commerce or the movement of any commodity in commerce.

2

"A Hobbs Act violation requires proof of two elements: (1) the underlying robbery or extortion crime, and (2) an effect on interstate commerce." United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003). The second element may be met even when the "impact upon commerce is small, and it may be shown by proof of probabilities without evidence that any particular commercial movements were affected." United States v. Bailey, 990 F.2d 119, 125 (4th Cir. 1993). Proof that a business acquired supplies or goods from out-of-state sources will normally satisfy the commerce element. See Stirone v. United States, 361 U.S. 212, 215 (1960); see also United States v. Curcio, 759 F.2d 237, 241 (2d Cir. 1985). Commerce is also affected if the robbery depletes the assets of the business. Williams, 342 F.3d at 354-55.

Here, there was testimony that the Kangaroo Express (the location of the robbery) purchased stock from out-of-state suppliers, sent revenue to its out-of-state parent company, and had out-of-state customers. Clearly then, Kangaroo Express was a business involved in interstate commerce. When Leadbetter stole money from the Kangaroo Express, the business was denied use of those funds. This deprivation of the use of funds, even temporarily, by a business involved in interstate commerce satisfies the interstate commerce nexus requirement of the statute. See United States v. Capozzi, 347 F.3d 327, 337 (1st

3

Cir. 2003) (noting that Government need only show "de minimis" effect on interstate commerce). Accordingly, the evidence was sufficient to establish the commerce element essential to sustain Leadbetter's conviction under 18 U.S.C. § 1951.

Next, Leadbetter contends that the district court's refusal to grant him a reduction of his offense level for acceptance of responsibility was error. He bases his argument on the fact that he admitted his guilt regarding the robbery, challenging only the interstate commerce nexus.

We review a district court's decision to deny an adjustment for acceptance of responsibility for clear error. United States v. Pauley, 289 F.3d 254, 261 (4th Cir. 2002). Pursuant to USSG § 3E1.1, a reduction for acceptance of responsibility is appropriate "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense . . ." and "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt. . . ." USSG § 3E1.1, comment. (n.2). However, a conviction by trial "does not automatically preclude a defendant" from such an adjustment, and in "rare" situations, such as where "a defendant goes to trial to assert and preserve issues that do not relate to factual guilt," the adjustment may be appropriate. Id.

4

Here, Leadbetter's closing argument failed to address the trial testimony that the Kangaroo Express's deposits which were regularly sent to North Carolina would be "considerably" reduced by the cash resources that were stolen. Leadbetter did not argue that this testimony did not satisfy the interstate commerce nexus requirement; instead, he ignored this testimony in closing and argued that, while the Kangaroo Express manager testified there was "less money," any conclusion that the robbery or the reduction of funds affected interstate commerce was speculative. Further, Leadbetter cross-examined the manager, attempting to highlight her lack of knowledge regarding the corporate structure of Kangaroo Express and the location of its suppliers. Accordingly, Leadbetter's theory of the case challenged the Government's evidence and encouraged the jury to weigh the evidence in Leadbetter's favor. Thus, the district court's conclusion was not clear error. United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (standard of review).

Accordingly, we affirm Leadbetter's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED